**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| LANA SPECK, | § |
|     Plaintiff | § |
| | § |
| v. | § |
| | § |
| BAYER CORPORATION; BAYER | § |
| HEALTHCARE LLC; BAYER AG; | § |
| BAYER PHARMACEUTICALS | §     CIVIL ACTION NO. _____ |
| CORPORATION; BAYER HEALTHCARE | § |
| PHARMACEUTICALS, INC.; BERLEX | § |
| LABORATORIES, INC.; BERLEX, INC.; | § |
| BAYER SCHERING PHARMA AG; and | § |
| MCKESSON CORPORATION, | § |
|     Defendants | § |

**NOTICE OF REMOVAL**

Defendants Bayer Corporation, Bayer Healthcare LLC, and Bayer HealthCare Pharmaceuticals Inc., f/k/a Berlex Inc., f/k/a Berlex Laboratories, Inc., on its own behalf and as successor by merger to Bayer Pharmaceuticals Corporation ("Bayer defendants"), through undersigned counsel, hereby remove this action from the County Court at Law No. 1 of Galveston County, State of Texas, to the United States District Court for the Southern District of Texas, Galveston Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and state as follows in support of this Notice of Removal:

1.      Plaintiff Lana Speck filed this product liability action in the County Court at Law No. 1 of Galveston County, State of Texas. Plaintiff asserts claims under theories of strict products liability (defective manufacturing and defect due to inadequate warning), negligence, breach of implied and express warranties, and negligent misrepresentation.

2.      The allegations in Plaintiff's First Amended Petition are related to YAZ® and/or Yasmin®, which are prescription oral contraceptives.  The Petition alleges that Plaintiff Lana Speck ingested YAZ® and/or Yasmin®, and that she suffered personal injuries as a result thereof, including "severe abdominal pain that was found to be gallstones, and she had a cholecystectomy performed."  *See* Plaintiff's First Amended Petition, p. 6.  Additionally, the plaintiff alleges that following the cholecystectomy, "Plaintiff was in constant, severe chest and upper abdominal pain as [a] result of her removed gallbladder," and "suffered continuous issues with her digestion that caused extreme diarrhea, indigestion, crippling abdominal pain … trouble sleeping … and post-cholecystectomy syndrome."  *See* Plaintiff's First Amended Petition, p. 6-7. Plaintiff seeks costs, compensatory and punitive damages, past and future medical expenses, past and future lost earnings, "past and future pain, suffering and mental anguish," "past and future physical impairment," "past and future loss of enjoyment of life," injunctive relief, "restitution and other equitable relief," and "pre-and post-judgment interest at the maximum legal rate and duration," as well as attorney's fees against defendants.  *See* Plaintiff's First Amended Petition, Damages, p. 22-23.

3.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because the procedural requirements for removal are satisfied, and this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      On October 1, 2009, the Judicial Panel on Multidistrict Litigation established MDL No. 2100, *In re Yasmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation ("In re Yasmin®/YAZ®")*, in the Southern District of Illinois to coordinate all federal marketing, sales practices, and products liability litigation involving Yasmin®, YAZ®,

and Ocella®.  *See* Exhibit A.  The Bayer defendants intend to identify this action as a potential "tag-along" to the Yasmin®/YAZ® MDL proceeding.

## I.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

5.    Plaintiff's Summons and First Amended Petition and Requests for Disclosure were formally served on Defendants Bayer Corporation, Bayer Healthcare LLC, Bayer HealthCare Pharmaceuticals Inc., f/k/a Berlex Inc., f/k/a Berlex Laboratories, Inc., and Bayer Pharmaceuticals Corporation on March 28, 2011.  Upon information and belief, Plaintiff's Summons and First Amended Petition were formally served on Defendant McKesson Corporation on March 28, 2011.  Defendants Bayer AG and Bayer Schering Pharma AG have not been properly served with the Summons and First Amended Petition.  Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

6.    Because Defendants Bayer AG and Bayer Schering Pharma AG have not been properly served with the Summons and First Amended Petition at the time of this filing, consent from these entities is not required.  *See e.g., P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547 (7th Cir. 1968); *accord Home Owners Funding Corp. of America v. Allison*, 756 F. Supp. 290, 291 (N.D. Tex. 1991); *Luckett v. Harris Hosp.-Fort Worth*, 764 F. Supp. 436, 442 n.16 (N.D. Tex. 1991).

7.    Defendant McKesson Corporation joins in and consents to the removal of this action.  Thus, all properly joined and served defendants consent to this Notice of Removal.  28 U.S.C. § 1446(b).  *See* Exhibit B.

8.    In accordance with the Federal Rules of Civil Procedure and Southern District of Texas Local Rule 81, copies of all executed process, pleadings, and the state court docket sheet,

as they appear in the state court file in this case, are attached hereto as Exhibit C.  Additionally, an index of matters being filed is attached hereto as Exhibit D and a list of all counsel of record is attached hereto as Exhibit E.  No orders have been signed by the state court judge.

9.     The United States District Court for the Southern District of Texas, Galveston Division, embraces the locality in which the state court action is now pending, and thus this Court is a proper forum for this action pursuant to 28 U.S.C. §§ 90(a)(4) and 1441(a).

10.     No previous application has been made for the relief requested herein.

11.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Clerk of Galveston County, Texas.

12.     A filing fee of $350.00 has been tendered to the Clerk of the United States District Court for the Southern District of Texas, Galveston Division.

13.     This Notice of Removal is being signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  A copy of the civil cover sheet is attached hereto as Exhibit F.

14.     If any question arises regarding the propriety of the removal of this action, the removing defendants respectfully request the opportunity to present a brief and an oral argument in support of the position that this case is removable.

## II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

15.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.     Complete Diversity of Citizenship Exists.

#### 1.     Plaintiff's Citizenship.

16.     Plaintiff, upon information and belief, is a citizen of Texas.  *See* Plaintiff's First Amended Petition, p. 5 (alleging that Plaintiff, at all relevant times, was a resident of Galveston County, Texas).  *See, e.g., Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citizenship is equivalent to domicile for federal diversity jurisdiction purposes); *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985); *see also Wade v. Wood*, No. H-06-3195, 2006 U.S. Dist. LEXIS 87800, at *4 (S.D. Tex. Dec. 5, 2006) (citation omitted); *DTC Telecom, L.L.C. v. ISP Techs., Inc.*, No. 3:02-CV-1329-D, 2002 U.S. Dist. LEXIS 22130, at *1 n.1 (N.D. Tex. Nov. 15, 2002).

#### 2.     Defendants' Citizenship.

17.     Bayer Corporation is, and was when this action was served, an Indiana corporation with its principal place of business in Pennsylvania.  *See* Plaintiff's First Amended Petition, p. 2.  Accordingly, Bayer Corporation is a citizen of Indiana and Pennsylvania for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1) (for diversity of citizenship purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *Smith v. 3CI Complete Compliance Corp.*, No. EP-06-CV-00282-KC, 2007 U.S. Dist. LEXIS 77198, at *6 (W.D. Tex. Sept. 13, 2007).

18.     Bayer HealthCare LLC is, and was when this action was served, a limited liability company whose sole member is (and was) Bayer Corporation.  *See* Plaintiff's First Amended Petition, p. 2.  Accordingly, Bayer HealthCare LLC, like Bayer Corporation, is a citizen of Indiana and Pennsylvania for purposes of diversity jurisdiction.  *See NDC Investments LLC v.*

*Lehman Brothers, Inc.*, No. 3:05-CV-2036-D, 2006 U.S. Dist. LEXIS 53739, at *1 n.1 (N.D. Tex. July 21, 2006) (holding that the citizenship of a limited liability company is determined by the citizenship of its members); *see also DTC Telecom, L.L.C. v. ISP Techs., Inc.*, No. 3:02-CV-1329-D, 2002 U.S. Dist. LEXIS 22130, at *1 n.1 (N.D. Tex. Nov. 15, 2002).

19.     Bayer HealthCare Pharmaceuticals Inc. is, and was when this action was served, a Delaware corporation with its principal place of business in New Jersey. *See* Plaintiff's First Amended Petition, p. 3.  Accordingly, Bayer HealthCare Pharmaceuticals Inc. is a citizen of Delaware and New Jersey for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

20.     Bayer Pharmaceuticals Corporation was a Delaware corporation that was merged with Bayer HealthCare Pharmaceuticals Inc. on January 1, 2008, and is not now a separate corporate entity. *See* Plaintiff's First Amended Petition, p. 2.  Thus, for diversity purposes, Bayer Pharmaceuticals Corporation is a citizen of Delaware and New Jersey, the States of citizenship of Bayer HealthCare Pharmaceuticals Inc. *See Walton v. Bayer Corp.*, 692 F. Supp. 2d 1025, 1029 n.1 (S.D. Ill. 2010) (under Delaware law, "in the event of a merger, the separate existence of the constituent corporation … ceases at the time of the merger and the constituent corporation's identity is absorbed into that of a new corporation or into the corporation with which it was merged"); *see also Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp.*, 523 F.2d 543, 549 (7th Cir. 1975) ("after a foreign corporation merges into a Delaware corporation, the surviving corporation for diversity jurisdiction is a citizen of Delaware"); *El Chico Rests., Inc. v. Aetna Cas. & Sur. Co.*, 980 F. Supp. 1474, 1482 (S.D. Ga. 1997) ("When one corporation is merged into another the citizenship of the survivor corporation governs for diversity purposes.").

21.     Bayer HealthCare Pharmaceuticals, Inc. was formerly known as Berlex, Inc., which was formerly known as Berlex Laboratories, Inc., and is the same corporate entity as

Berlex, Inc. and Berlex Laboratories, Inc.  *See* Plaintiff's First Amended Petition, p. 3; *see also* Certificate of Amendment of Certificate of Incorporation of Berlex Laboratories, Inc.; Certificate of Amendment of Certificate of Incorporation of Berlex, Inc. (Exhibit G).  Thus, for diversity purposes, Berlex, Inc. and Berlex Laboratories, Inc. are citizens of Delaware and New Jersey, the States of citizenship of Bayer HealthCare Pharmaceuticals Inc.  *See also Hoefferle*, 523 F.2d at 549; *Walton*, 692 F. Supp. 2d at 1029 n.1; *El Chico*, 980 F. Supp. at 1482.

22.     Bayer Schering Pharma AG is a German corporation headquartered in Germany. *See* Plaintiff's First Amended Petition, p. 3.  Thus, for diversity purposes, Bayer Schering Pharma AG is a citizen of Germany.

23.     Bayer AG is a German corporation headquartered in Germany.  *See* Plaintiff's First Amended Petition, p. 3-4.  Thus, for diversity purposes, Bayer AG is a citizen of Germany.

24.     Upon information and belief, McKesson Corporation is, and was when this action was served, a Delaware corporation with its principal place of business in California.  *See* Plaintiff's First Amended Petition, p. 4.  Accordingly, McKesson Corporation is a citizen of Delaware and California for purposes of diversity jurisdiction.

**B.     The Amount in Controversy Requirement is Satisfied.**

25.     It is apparent from the face of the First Amended Petition that the amount in controversy in this product liability case substantially exceeds $75,000, exclusive of costs and interest.  In the instant case, the plaintiff has not alleged a sum certain.  Therefore, in determining whether the amount in controversy has been satisfied, the Court must examine the petition at the time it was filed.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 2000); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 839 (E.D. Tex. 2008); *see Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 U.S. Dist. LEXIS 59599, at *8 (S.D. Tex. June 16, 2010)

("In determining if the amount in controversy requirement is satisfied, this court must first look to the face of the state court petition."); *see also Johnson v. Carmax Auto Superstore, Inc.*, No. SA-08-CA-820-FB, 2008 U.S. Dist. LEXIS 107742, at *3 (W.D. Tex. Dec. 22, 2008) ("In the absence of formal allegations in the plaintiff's petition setting forth the sum or value in dispute, the jurisdictional amount in controversy requirement may be met where the amount adequately appears from other allegations in the petition.").

26.     The First Amended Petition alleges that Plaintiff Lana Speck ingested YAZ® and/or Yasmin®, and that she suffered personal injuries as a result thereof, including "severe abdominal pain that was found to be gallstones, and she had a cholecystectomy performed." *See* Plaintiff's First Amended Petition, p. 6.   Additionally, plaintiff alleges that following the cholecystectomy, "Plaintiff was in constant, severe chest and upper abdominal pain as [a] result of her removed gallbladder," and "suffered continuous issues with her digestion that caused extreme diarrhea, indigestion, crippling abdominal pain … trouble sleeping … and post-cholecystectomy syndrome." *See* Plaintiff's First Amended Petition, p. 6-7.   Plaintiff further alleges that she suffered the following injuries: "organ failure, gallbladder failure, cholecystectomy and additional sequelae from such life-threatening injuries, in early 2006, while using [YAZ® and/or Yasmin®] as prescribed.  All such injuries have resulted in permanent bodily impairment and other permanent effects in addition to the transient injuries sustained, and will continue in the future to cause Plaintiff adverse physical and mental effects and damage, all of which will impact her throughout her lifetime."  *See* Plaintiff's First Amended Petition, p. 7.

27.     The claimed injuries allegedly caused Plaintiff Lana Speck to "incur[] medical expenses and other economic harm including loss of earnings, and will continue incurring expenses and loss of earnings in the future, as a direct and proximate result of her use of [YAZ®

and/or Yasmin®].ᵗ  *See* Plaintiff's First Amended Petition, p. 8-9.   The Petition seeks compensation for all of these alleged harms and expenses, as well as court costs, compensatory and punitive damages, "past and future pain, suffering and mental anguish," "past and future physical impairment," "past and future loss of enjoyment of life," injunctive relief, "restitution and other equitable relief," "pre-and post-judgment interest at the maximum legal rate and duration," and attorney's fees.  *See* Plaintiff's First Amended Petition, Damages, p. 22-23.

28.     Given the serious nature of the alleged injuries and the broad scope of damages requested, the Petition plainly satisfies the jurisdictional amount requirement.  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (affirming that it was "facially apparent" that plaintiff's claims exceeded $75,000 based on alleged injuries to wrist, knee, patella, and back and alleged damages for medical expense, pain and suffering, mental anguish and suffering, loss of enjoyment of life, lost wages in the past and loss of earning capacity in the future, and permanent disability and disfigurement); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 839 (E.D. Tex. 2008) (concluding that court had jurisdiction over claim of unspecified damages where plaintiff alleged that, as a result of a slip and fall due to defendants' negligence, she sustained "severe injuries to her arm, hip, side and body generally which have required continuing medical treatment and which are permanent and continuing in nature," must undergo future medical testing and treatment, and is owed, in part, loss of wages and earning capacity, punitive and exemplary damages, pre-judgment and post-judgment interest and costs of court); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003) (holding that it was facially apparent by the "lengthy list of compensatory and punitive damages" sought in plaintiff's petition, that the amount in controversy exceeded $75,000); *Kopczynski v. Wal-Mart Stores Tex., LP*, No. H-10-4507, 2011 U.S. Dist. LEXIS 25625, at *27 (S.D. Tex. Mar. 14, 2011)

(finding that based on the plaintiff's alleged damages, including "past and future medical expenses, past and future physical pain and suffering, past and future mental anguish, past and future physical impairment, past and future in-home care, and fear of future disease or condition, in addition to exemplary damages, it was "more likely than not that the amount in controversy exceeds $75,000.").[1]

**WHEREFORE**, Defendants Bayer Corporation, Bayer HealthCare LLC, and Bayer HealthCare Pharmaceuticals Inc., formerly known as Berlex, Inc., formerly known as Berlex Laboratories, Inc., on its own behalf and as successor by merger to Bayer Pharmaceuticals Corporation, respectfully remove this action from the County Court at Law No. 1 of Galveston County, State of Texas, to the United States District Court for the Southern District of Texas, Galveston Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Should any question arise as to this removal, the removing defendants respectfully request an opportunity to provide briefing and an oral argument as to why removal is proper.

---

[1] Likewise, courts outside of the Fifth Circuit have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount.  *See, e.g., In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks "compensatory and punitive damages" for alleged "serious and life-threatening medical conditions" and economic losses due to the use of a prescription medication); *see also McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount").

Respectfully submitted,

*s/ Lana K. Varney*
Lana K. Varney, Esq.
Attorney-in-Charge
State Bar of Texas Number: 20499500
Southern District of Texas Bar Number: 357115
Fulbright & Jaworski L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX 78701
lvarney@fulbright.com
(512) 474-5201 (phone)
(512) 536-4598 (facsimile)
*Attorneys for Defendants*
*Bayer Corporation, Bayer Healthcare LLC, and*
*Bayer HealthCare Pharmaceuticals Inc.*

## <u>CERTIFICATE OF SERVICE</u>

This pleading was served in accordance with the Federal Rules of Civil Procedure and the Southern District of Texas Local Rules on this the 25th day of April 2011 to the counsel listed below:

Ed Rainey
Rainey Law Firm
700 Gemini Ste. 210
Houston, TX  77058
Telephone:  (281) 286-3476
Facsimile:  (281) 286-7844

<u>        *s/ Lana K. Varney*                    </u>

95044021.2